1  Elizabeth E. Martinez (SBN 136,735)
2  profstory@gmail.com
   LAW OFFICES OF ELIZABETH E. MARTINEZ
3  Post Office Box 655
4  Burbank, California 91503
5  Telephone: (818) 859-0955
   Attorneys for Plaintiffs
6

7

8         **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                **WESTERN DIVISION**

11

12  CHRISTOPHE IVINS, an individual )  CASE  CV13- 00067 ABC(AJWx)
13  and IVINS, C. INC. a California corp. )
                                        )  COMPLAINT FOR
14          Plaintiffs,                 )  1) COPYRIGHT INFRINGEMENT
15                                      )     17 U.S.C. §501
                                        )  2) FALSE DESIGNATION OF
16          vs.                         )     ORIGIN 15 U.S.C. §1125(a)
17  F.C. JEANS LTDA. a foreign corp.,   )  3) UNFAIR COMPETITION
18  doing business in California as      )     Cal Bus. & Prof. Code §§ 17200
    JOHN JOHN DENIM, and               )  4) CONSTRUCTIVE TRUST
19  HEATHER CATANIA, an individual,    )     Cal Civ. Code §§ 2224
20  doing business in California as THE  )  5) FRAUD AND DECEIT
21  BRILLIONAIRE                        )     Cal. Civ. Code §§ 1572, 1709-10
                                        )  6) BREACH OF CONTRACT
22          Defendants.                 )     Cal Civ. Code §§ 1549
23  _____    )  DEMAND FOR JURY TRIAL

24

25      Plaintiffs CHRISTOPHE IVINS and IVINS, C. INC. ("Plaintiffs"),

26  through their attorneys, complaining of F.C. JEANS LTDA. and HEATHER

27  CATANIA, allege as follows:
28

                                                    COMPLAINT   1

## JURISDICTION AND VENUE

**1.** This Court has jurisdiction over this subject matter pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121, 28 U.S.C. § 1331, and § 1338. Supplemental jurisdiction over the state claims arising from a common nucleus of facts exists under 28 U.S.C. § 1367 and § 1338. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) and § 1400i.

**2.** This court has personal jurisdiction over defendant F.C. JEANS LTDA. a foreign corporation, because it is purposefully availed itself of the privileges of California and plaintiffs' claims arise out of F.C. JEANS LTDA.'s activities in the state. This court also has personal jurisdiction over defendant F.C. JEANS LTDA. because it conducts business transactions over the Internet with residents of the forum.

**3.** This court has personal jurisdiction over defendant HEATHER CATANIA, an individual, because she resides in the state of California; and because she has purposely availed herself of the privileges of California; and plaintiffs' claims arise out of CATANIA's activities in the state. This court also has personal jurisdiction over defendant CATANIA because she conducts business transactions over the Internet with residents of the forum.

## THE PARTIES

**4.** Plaintiff CHRISTOPHE IVINS is an individual residing in Los Angeles County. He has worked in the film industry for many years, as an actor, special effects designer, photographer, cameraperson and steady-camera photographer taking moving shots. His work on the film "Mother" recently screened at the Dick Clark Productions Screening Room in Santa Monica, California.

**5.** Plaintiff IVINS, C. INC., a California corporation set up by plaintiff CHRISTOPHE IVINS to manage his business affairs, has its principal place of business in Los Angeles.

**6.** Defendant F.C. JEANS LTDA. dba JOHN JOHN DENIM is a foreign corporation based in Columbia with an address of 43 No. 33 Sur 40, Envigado, Columbia. This defendant is the seller of high-end apparel, including self-described "premium" denim jeans, shirts, and accessories. This defendant avails itself of the privileges of California by selling its products and advertising its products in the state. This defendant conducts business transactions over the Internet with residents of the state via *www.johnjohndenim.com*. Recent advertising of its JOHN JOHN DENIM apparel have featured the Los Angeles actor Zac Efron as can be seen on its current website at *www.johnjohndenim.com*.

///

**7.** Defendant HEATHER CATANIA, dba THE BRILLIONAIRE is an individual residing in Los Angeles County. This defendant is a line producer of films and videos, including commercials, and a 2004 graduate of Art Institute of Chicago.  As described on her website, defendant CATANIA espouses a business ethic that includes "no boundaries or restraints." She describes the ethics of "the brillionaire" as follows: "its origin is a hybrid of 'brilliance' and billionaire.' But by no means does a *Brillionaire* mean just being a smart, wealthy person. *Brillionaires* specialize in 'richful thinking,' – in other words. . . we create our own and rebuild it from scratch, with no boundaries or restraints (*brillonaire.com*)."

## PLAINTIFF'S REGISTERED COPYRIGHT

### "Moving Shots of Models"

**8.** In recent years, IVINS has developed a business in which he dons camera equipment over his body and uses his body to design moving-camera shots taken with motion-picture film. In the movie business, this work is known as "steady cam operator," because of the requirements that the photographer/cameraperson engage his body in steady movements of his choice, in order to capture images that are both moving on film and have moving camera positions and angles.

**9.** As is customary in the film industry for certain types of work, IVINS does not register copyrights or sign formal written transfers of copyright for the producers with whom he works. Instead, he agrees with producers to take scale wages, in exchange for paid insurance and regular payment of his written invoices for steady-cam work (within 30 days of invoice).

**10.** Copyright ownership vests initially in the author or authors of the work. The author is the person who actually creates the work; a work that is made for hire is an exception to this provision. The standard documentation used for paid insurance, call times, invoicing, and checks in full payment, in the usual case of a job completed by IVINS, or other similarly situated expressive film-industry professional working "below the line," constitute the required written agreement for a specially commissioned work for hire, as part of a motion picture or other audiovisual work, at the level of "below the line" expressive work (i.e. work as a expressive professional, but not a producer, director or actor).

**11.** In this instance, because IVINS was not paid for his work on the subject film (see below) via a written check in full payment (which would have completed the written agreement for a specially commissioned work for hire), no informal work for hire agreement was not completed. Plaintiff IVINS completed the expressive work, payment was due from defendants, but not delivered.

**12.** Plaintiff IVINS is the author of an original work of authorship fixed in a tangible medium of expression, in the subject film (see below). His work meets the threshold of originality for copyrights in that the subject film reflects his choices as an author as described below. Copyright ownership vests initially in the author or authors of the work. The author is the person who actually creates the work.

**13.** The subject film in this case is "Moving Shots of Models." The work consists of moving shots of models used in a music video, which video, in turn, is being used a commercial for defendant F.C. JEANS LTDA. dba JOHN JOHN DENIM's apparel products.

**14.** The subject work was created on December 2 and 3, 2011 in Los Angeles, California. The "Moving Shots of Models" were filmed at University High School, 11800 Texas Avenue, Los Angeles, California 90025. On December 2, 2011, plaintiff CHRISTOPHE IVINS provided rental of the steady-cam equipment, which was donned by another cameraperson, who provided expressive work for "Moving Shots of Models," but later decided not to sue for copyright infringement.

///

///

COMPLAINT   6

**15.** On December 3, 2011, IVINS provided both rental of the steady cam equipment, and donned the equipment to perform expressive work in the creation of "Moving Shots of Models."

**16.** On December 3, 2011, IVINS made the creative decisions for the majority of the shots in "Moving Shots of Models" filmed on December 3, 2011. His original expression consists of the manner in which the moving pictures were taken, including shaping the composition of the shots of the models; the angles and movement of the camera in taking shots of the models; and the way in which the physical movements of the models were captured into creatively expressive and worthy, moving photographs. His authorship has sufficient creativity, in contrast to a stationary camera set up to record film or video shots mechanically, such as a surveillance camera (for which film and video output is not copyrightable). Although plaintiff CHRISTOPHE IVINS was taking shots of models who were dressed and directed by defendant FC JEANS LTDA. or its agents, plaintiff's work is a work of authorship fixed in a tangible medium of expression and later merged with the work for hire film created by defendant FC JEANS LTDA. The shots created by Ivins are here specified:

///

| SHOT | DESCRIPTION |
|------|-------------|
| 2 | COWBOY EXT. Sidewalk - Woman walks toward camera. |
| 4 | WS INT. Music Room - Woman sits at piano. |
| 12 | MS EXT. Stairs - Woman turns pages of book. |
| 14 | WS INT. Basketball Court - Man does jump-shot. |
| 15 | MS EXT. Football Field - Two men with football walk away. |
| 22 | MS EXT. Outside of Basketball Court - Two men shake hands. |
| 23 | MS EXT. Outside of Basketball Court - Three men walk away bumping fists. |
| 24 | WS INT. Music Room - Camera approaches woman at piano. |
| 25 | WS INT. Music Room - Woman sits at piano while second woman enter behind her. |
| 26 | COWBOY EXT. Sidewalk - Three women and two men walk toward camera. |
| 27 | MS EXT. Sidewalk - Two women and two men walk toward camera. |
| 28 | CU EXT. Sidewalk - Man and woman walk toward camera. |

17.  Plaintiff CHRISTOPHE IVINS is a co-author of the subject work,

"Moving Shots of Models," together with Defendant F.C. JEANS LTDA. dba

JOHN JOHN DENIM.

**18.** IVINS' expressive work was merged with the work of defendant FC JEANS dba JOHN JOHN DENIM and results in a lawful and duly issued copyright in the work "Moving Shots of Models," held jointly by and Defendant F.C. JEANS LTDA. dba JOHN JOHN DENIM.

**19.** Exclusive rights in the subject work, "Moving Shots of Models," were lawfully registered with the U.S. Copyright Office on December 15, 2012, as a "PA" work (performing arts), under registration number PA 1-817805. On information and belief, a printed certificate of said lawful registration is being printed by the U.S. Copyright Office and will be delivered shortly to plaintiff, as per telephone conferences with the U.S. Copyright Office. Authors of the registered copyright work are plaintiff CHRISTOPHE IVINS and defendant FC JEANS LTDA.

**20.** The subject work "Moving Shots of Models," was created in Los Angeles, California on December 2 and 3, 2011 as an unpublished work.

///

///

**21.** The subject work "Moving Shots of Models," was published on the Internet under the alternative title "The Band John John Denim," in a substantially similar derivative work created by Defendant F.C. JEANS LTDA. dba JOHN JOHN DENIM that merged plaintiffs and defendant F.C. JEANS LTDA. Works. The first publication on April 23, 2012, on the Internet site, YouTube.com, at web address: *http://www.youtube.com/watch?v=SQSl-ers4fk.*

**22.** As stated on the duly issued copyright registration, which constitutes prima facie evidence thereof, IVINS' expressive contribution to "Moving Shots of Models" was not work for hire. His authorship was an individual coauthor.

**23.** As stated on the duly issued copyright registration, which constitutes prima facie evidence thereof, coauthor and defendant FC JEANS LTDA. dba JOHN JOHN DENIM's expressive contribution was work for hire, engaging an number of employees and independent contractors working agreements to create a specially commissioned work on the motion picture.

**DEFENDANTS' UNAUTHORIZED CONDUCT**

**24.** Defendant HEATHER CATANIA was the line producer on "Moving Shots of Models," working on behalf of codefendant FC JEANS LTDA. in December 2011, to produce a video to promote its premium apparel line.

**25.** In December 2011, defendant HEATHER CATANIA provided plaintiff CHRISTOPHE IVINS and IVINS, C INC. with the standard documentation used for paid insurance, call times, and invoicing for his expressive work in the creation of "Moving Shots of Models," but subsequent to the filming, did not provide a check in full payment, and so failed to complete the specially commissioned agreement for a work for hire for a motion picture work.

**26.** On December 5, 2011, plaintiff CHRISTOPHE IVINS and IVINS, C. INC. provided defendant HEATHER CATANIA with an invoice for services rendered on "Moving Shots of Models," and as is customary, payment was due to be mailed in 30 days (by January 5, 2012), but to date the invoice has not been paid. Numerous reminder copies of the invoice and reminder emails were sent to defendant HEATHER CATANIA, by plaintiffs and their attorneys.

**27.** At all times relevant herein, defendants HEATHER CATANIA and F.C. JEANS LTDA. failed to pay plaintiffs for work completed on the subject film, resulting in infringing uses of his registered copyrighted work, including without limitation their infringing activities in making copies, distributing copies, and making substantially similar derivative works of "Moving Shots of Models," published under the alternative title "The Band John John Denim."

///

**28.** On April 23, 2012, the subject work "Moving Shots of Models," was published on the Internet, as aforesaid, without permission or license from copyright holder plaintiff CHRISTOPHE IVINS. Between April 23, 2012 and November 27, 2012, the subject work "Moving Shots of Models," was viewed 487 times on the Internet site YouTube.com.

**29.** On November 27, 2012, attorneys for plaintiffs sent a demand letter to defendants, stating the plaintiffs' copyrights in the subject work "Moving Shots of Models," and demanding that defendants cease and desist from further infringement. The letter of November 27, 2012 demanded payment of plaintiff's invoice *by November 30, 2012* and was delivered to defendants and each of them via the Internet on November 27, 2012.

**30.** Both defendants acknowledged receipt of the demand letter, but neither defendant paid plaintiffs and neither defendant stopped the infringements of the subject work "Moving Shots of Models."  Defendant FC JEANS LTDA. acknowledged receipt on the letter via Internet form.

///

///

**31.** Following receipt of said demand letter, on November 27, 2012, defendant HEATHER CATANIA wrote an email to plaintiffs' attorney and made an additional promise to pay plaintiffs on or before December 15, 2012. Payment was not made on that additional promise. An additional "follow up" demand letter was sent on December 2, 2012 to defendant CATANIA, to which she did not respond.

**32.** Between November 27, 2012 and January 3, 2012, the subject work "Moving Shots of Models," was viewed an additional 25 times, for a total of 512 views (or "copies") of the subject work. These views took place after both defendants acknowledged receipt of the demand letter. These later views (copies of the work) constitute willful infringements of plaintiff CHRISTOPHE IVINS copyrights in the subject film "Moving Shots of Models."

**33.** On December 18, 2012, attorneys for plaintiffs wrote an email to defendant HEATHER CATANIA asking if she sent the payment as promised by December 15, 2012 in her response to the initial demand letter. She did not respond to the inquiry of plaintiffs' attorneys. No payment has been received by plaintiffs to date.

///

**34.** On information and belief, many of the below-the-line expressive workers on "Moving Shots of Models," were not paid by defendant HEATHER CATANIA, although she billed producers and others for this work, including FC JEANS LTDA. dba JOHN JOHN DENIM and received payment for the production of the work, benefiting from pocketing the funds.

**35.** On information and belief, defendant HEATHER CATANIA engages in a practice and pattern of hiring independent contractors to create expressive works for productions on which she is line producer, including photographers and steady camera operators, only to pocket the fees and funds earned for herself. She has terms this pattern and practice, "The Brillionaire."

**36.** Defendants and each of them participated actively in the publication of the subject work "Moving Shots of Models," on YouTube, under the alternative title "The Band," together with the dba of defendant FC JEANS LTDA. (but not plaintiffs' name or markers), to wit: "The Band John John Denim."

**37.** On information and belief, including the fact of multiple views of the subject work under the Defendants' attempt to convince consumers of the association between the subject work "Moving Shots of Models" and the apparel product line known as JOHN JOHN DENIM has been successful.

///

**38.**   Plaintiffs never authorized the publication of the subject work on the Internet and plaintiffs names and markers do not appear on the Internet publication, thereby creating a likelihood of confusion in relevant consumers regarding the source or sponsorship of the subject work, "Moving Shots of Models," published under the title "The Band John John Denim."

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT, 17 U.S.C. §§ 501 et seq.

**39.**   Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraph of this Complaint as though the same were fully rewritten herein.

**40.**   On information and belief, defendants and each of them have adopted and used plaintiff CHRISTOPHE IVINS registered copyrighted work in the subject film, "Moving Shots of Models" and have without plaintiffs' consent, have copied and distributed copies of said work, which copying and distribution was never authorized by plaintiffs at any time.

**41.**   Defendants caused the infringing work, the video published as "The Band John John Denim," to enter and be used in commerce. Defendants are not authorized to copy or present plaintiffs' copyrighted work, yet are currently engaged in such activities and will continue unless enjoined by this Court.

**42.** On information and belief, defendants have also reproduced, performed and created derivative works based on the copyrighted work of plaintiff, "Moving Shots of Models."

**43.** At all relevant times, plaintiffs owned rights, title and interest in the copyrighted work, "Moving Shots of Models."

**44.** Plaintiffs have complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the subject work, "Moving Shots of Models," and in compliance with the law has obtained from the Registrar of Copyrights a duly issued registration of copyright, as aforementioned and identified.  The certificate of registration constitutes prima facie evidence of the validity of the copyrights and the facts stated in the certificate.

**45.** After failing to pay plaintiff(s) for their/his expressive work on "Moving Shots of Models," in January 2012, defendants have alone or in concert with each other infringed or have contributed to the infringement of plaintiff's copyrights, as an individual author, by distributing copies of plaintiffs' work without plaintiff's consent, infringing copies that bear substantial similarity to plaintiffs' copyrighted work.

///

**46.** On information and belief, defendant FC JEANS LTDA. dba JOHN JOHN DENIM has engaged such copyright infringement willfully and with the knowledge of plaintiff's expressive work since at least as early as November 27, 2012.

**47.** On information and belief, defendant HEATHER CATANIA has engaged such copyright infringement willfully and with the knowledge of plaintiff's expressive work since at least as early as January 5, 2012.

**48.** Plaintiffs have no adequate remedy at law. Plaintiffs will suffer irreparable harm if defendants are not enjoined from further infringement of the registered work.

**49.** Plaintiffs have suffered actual and statutory damages and defendants have profited from due to the infringement including willful infringement. Plaintiffs are entitled to damages and attorneys fees as allowed by statute.

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN, 15 U.S.C. §1125(a)

**50.** Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

**51.**  Plaintiff CHRISTOPHE IVINS expressive work is unique to him and is a marker of his identity as an original source and sponsorship of motion picture works.

**52.**  Defendants use of plaintiff's expressive work without paying him or indicating his identity as an original source and sponsor of the subject film, "Moving Shots of Models," is a false designation of origin under 15 U.S.C. §1125(a).

**53.**  After failing to pay plaintiff(s) for their/his expressive work on "Moving Shots of Models," in January 2012, defendants have alone or in concern with each other created or have contributed to the creation of publicly disseminated works that do not designate or identify plaintiff as an individual author, by distributing copies of plaintiffs' work without plaintiff's consent, under the marker "John John Denim."

**54.**  Such false designation of origin is likely to confuse consumers into believing that the subject film, "Moving Shots of Models," was created solely by defendant FC JEANS LTDA. dba JOHN JOHN DENIM. The statutory scheme does not require either that consumers have knowledge of plaintiff or plaintiffs contribution to the work or that there is a likelihood of confusion as to plaintiff, for the false designation to occur.

**55.** On information and belief, defendant FC JEANS LTDA. dba JOHN JOHN DENIM has engaged such false designation of origin willfully and with the knowledge of plaintiff's expressive work since at least as early as November 27, 2012.

**56.** On information and belief, defendant HEATHER CATANIA has engaged such false designation of origin willfully and with the knowledge of plaintiff's expressive work since at least as early as January 5, 2012.

**57.** Plaintiffs have no adequate remedy at law. Plaintiffs will suffer irreparable harm if defendants are not enjoined from further false designations of origin.

**58.** Plaintiffs have suffered actual and statutory damages and defendants have profited from due to false designation of origin. Plaintiffs are entitled to damages and attorneys fees as allowed by statute.

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION

### Cal Bus. & Prof. Code §§ 17200 et seq.

**59.** This claim arises under the state law of California and is based on the same nucleus of facts as the federal claims. This Court has jurisdiction over this claim, as it is joined with a substantial and related claim under the copyright and trademark laws of the United States, pursuant to 28 U.S.C. § 1338 and § 1367.